**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4111**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLENDELL LONG, a/k/a Okera Uzoma,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-00645-RBH-1)

Submitted:  September 26, 2019                               Decided:  October 22, 2019

Before FLOYD and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Justin W. Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glendell Long appeals the 46-month sentence imposed following his plea of guilty to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e) (2012). On appeal, Long argues that the district court erred by applying a sentencing enhancement, rendering Long's sentence procedurally unreasonable. The government argues in response that the district court did not err, but that even if it did, the error was harmless. After careful consideration of the parties' arguments, we affirm Long's sentence.

We review criminal sentences for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence based on an improperly calculated Guidelines range is procedurally unreasonable. *United States v. Davis*, 679 F.3d 177, 182 (4th Cir. 2012). "In reviewing whether a sentencing court properly calculated the Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We "will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted).

Section 2K2.1 of the U.S. Sentencing Guidelines Manual provides for a two-level enhancement to a defendant's base offense level if the defendant unlawfully possessed between three and seven firearms. USSG § 2K2.1(b)(1)(A), cmt. n.5 (2018). The government bears the burden of demonstrating that the sentencing enhancement should be

applied, and the district court must find that the enhancement applies by a preponderance of the evidence. *Steffen*, 741 F.3d at 414.

Possession of a firearm may be actual or constructive. *See United States v. Scott*, 424 F.3d 431, 435 (4th Cir. 2005); *see also United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012) (holding that, to establish § 922(g)(1) offense, proof of actual or exclusive possession is not necessary; constructive possession is sufficient). "To establish actual possession, the government must prove that [the defendant] voluntarily and intentionally had physical possession of the firearm." *United States v. Al Sabahi*, 719 F.3d 305, 311 (4th Cir. 2013) (internal quotation marks omitted). However, "the government can prove constructive possession by showing that [the defendant] intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." *Id.* (internal quotation marks omitted). "Whether constructive possession is established is a 'fact-specific' inquiry." *Lawing*, 703 F.3d at 240.

Having reviewed the evidence presented at Long's sentencing hearing, we conclude that the district court did not err in its application of the two-level sentencing enhancement. Furthermore, even assuming arguendo that the district court committed procedural error, we conclude that the assumed error is harmless, given the district court's repeated statements that it believed 46 months to be the "appropriate" sentence, its consideration of the relevant 18 U.S.C. § 3553(a) (2012) sentencing factors, and the substantive reasonableness of the sentence. *See United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (finding that, under assumed error harmlessness inquiry, procedural error is harmless if "(1) the district court would have reached the same result even if it had decided the

3

Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." (brackets and internal quotation marks omitted)).

Accordingly, we deny Long's pro se motion for a stay of these proceedings and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4